# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

vs.                                    CR. No. 08-036-ML

CAROL DiPINA

## MEMORANDUM AND ORDER

Carol DiPina has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition is denied.

I.   FACTUAL BACKGROUND AND TRAVEL

DiPina pled guilty to a four-count information charging her with possession with intent to distribute oxycodone and conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts I and III); conspiracy to commit fraud on a health care program, in violation of 18 U.S.C. §§ 371, 1347 and 2 (Count II); and committing fraud on a health care program, in violation of 18 U.S.C. §§ 371 and 2 (Count IV).

In the plea agreement she signed in connection with her plea, DiPina admitted that over a period of 10 years she had illegally obtained prescription pads and forged prescriptions for oxycodone, that the total amount of fraudulently obtained and distributed oxycodone was approximately 307,403 mg and that the combined loss to health insurers and Medicaid was $137,842. (Plea Agreement at ¶ 3.)

DiPina was sentenced to 120 months imprisonment on Counts I, II, and IV, and to 60 months imprisonment on Count II, all to run concurrently. Judgment entered on October 22, 2008. DiPina did not appeal, and her conviction became final ten days thereafter.

Thereafter, DiPina filed the instant petition under §2241. Her sole claim is that the U.S. Supreme Court's holding in Skilling v. United States, 130 S.Ct. 2896 (2010), requires this Court to overturn her convictions on Counts II and IV. The Government has opposed the petition, and this matter is ready for decision.[1]

II.  DISCUSSION

As a threshold matter, this Court notes that because DiPina seeks to overturn her conviction for certain of her offenses, her petition is more properly characterized as a motion to vacate pursuant to 28 U.S.C. §2255.[2] It is well established that §2255 "was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence, save only in those few instances in which the statutory remedy proved 'inadequate or ineffective to test the legality of his detention.'" Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting §2255(e)).

Here, DiPina asserts that she is innocent of her healthcare fraud convictions (Counts II and IV) under Skilling and thus is indisputably challenging her conviction. Thus, the exclusive vehicle for presenting this claim is a motion to vacate under §2255, and her petition under §2241 must be re-characterized as such a motion. See id. at 97 ("'[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255,

---

[1] No hearing is required in this matter, as the pertinent facts are not in disputed and the DiPina's claim presents issues of law.

[2] Section 2255(a) provides in pertinent part:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

no matter what title the prisoner plasters on the cover.'") (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir.2004)) (emphasis in original).[3]

Here, DiPina was convicted and sentenced on October 22, 2008 and her convictions became final on or about November 2, 2008. She filed the instant petition some 22 months later, well outside the one-year limitation period for filing motions to vacate. See 28 U.S.C. §2255(f)(1) (motions to vacate must be filed within one year of date that conviction became final). Thus, the petition is untimely.[4]

DiPina argues that the so-called 'savings clause' of §2255 applies to permit her to submit her claim under 28 U.S.C. § 2241. (Pet. Mem. at 2-3.) However, her claim -- that the Skilling decision invalidates her convictions for health care fraud offenses -- is precisely the type of claim that is properly brought under § 2255. See Trenkler, 536 F.3d at 97 ("section 2255 cannot be sidestepped by the simple expedient of resorting to some more exotic writ."). The fact that DiPina is unable to pursue a remedy under §2255 because she is out of time does not render that remedy

---

[3] This Court is aware that ordinarily, a prisoner is entitled to notice and an opportunity to be heard when a court is inclined to re-characterize an otherwise-labeled filing as a § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003). Here, however, such notice is unnecessary because: (1) DiPina's re-characterized petition, as discussed infra, is clearly untimely, see United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004) (district court's failure to give notice of re-characterization under Castro deemed harmless error, where motion, so re-characterized, was clearly untimely); and (2) DiPina is already aware of the existence of the §2255 remedy, and indeed, she asserts that the savings clause of §2255(e) applies to her claim (discussed infra). Moreover, DiPina was on notice of the Government's contention that her motion, so recharacterized, was untimely, but she has not attempted to file any Reply rebutting that contention. In addition, as discussed infra, even if not re-characterized, the petition, as drafted, does not warrant relief.

[4] To the extent that DiPina attempts to argue that the limitation period under §2255(f)(3) is applicable to her claim, her reliance is misplaced. That section provides that a motion to vacate may be brought within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, the provision is not available to DiPina, because, as discussed infra, the Supreme Court decision on which she relies is not applicable to her claim.

"inadequate or unavailable" to her so as to trigger the savings clause. See id. at 98-99 ("Although the petitioner might now be unable to pursue that claim via a second or successive petition because of the combination of his own tardiness and AEDPA's gatekeeping provisions, the mere inability to satisfy those requirements does not afford access to the savings clause. ... To rule otherwise would reduce AEDPA's gatekeeping provisions to 'a meaningless gesture.'") (quoting United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). As in Trenkler, DiPina's petition challenging her convictions, brought while she is in federal custody, "is a classic habeas corpus scenario, squarely within the heartland carved out by Congress in section 2255." Id. at 97. Thus, the savings clause of § 2255 is unavailable to DiPina.

B. Applicability of Skilling

Even if DiPina's claim could be considered on its merits, it would clearly fail. Her claim that the Skilling decision somehow renders her conduct relative to those convictions noncriminal so as to invalidate her own health care fraud conviction under 18 U.S.C. §1347, misapprehends the Supreme Court's holding in Skilling.

In Skilling the Supreme Court construed 18 U.S.C. § 1346, a definitional provision which defines "any scheme or artifice to defraud" in Section 1341 as including "a scheme or artifice to deprive another of the intangible right of honest services." The Court rejected a void-for-vagueness challenge to this statute by limiting the phrase "the intangible right of honest services" as used in Section 1346 to cover only criminal conduct involving bribery and kickback schemes. 130 S.Ct. at 2927-2933. The Court in Skilling focused on the portion of §1346 concerning 'the intangible right of honest services,' without addressing any other provision in that chapter.

4

Here, DiPina was convicted of violating 18 U.S.C. § 1347[5] -- a statute not addressed in Skilling -- for knowingly submitting false claims to a health care benefit program. Her scheme did not violate other people's intangible rights to "honest services," but rather deprived health care programs (i.e., Blue Cross and Blue Shield of Rhode Island and Medicaid) of <u>tangible</u> rights in money and property in connection with the delivery of, and payment for, health care benefits, items and services. DiPina's argument fails because her acts of health care fraud fall squarely under the provisions of § 1347, without implicating § 1346. See Wallace v. United States, No. CR 06-400410-GPM, 2010 WL 5162027 at *3 (S.D.Ill. Dec. 14, 2010) (holding that Skilling decision was not pertinent to defendant's conviction under §1347 for billing false mileage fees to Medicaid). Thus, the Skilling decision did not create any new right that is applicable to DiPina's conviction,[6] and her claim is meritless.[7]

## III. CONCLUSION

For the foregoing reasons, DiPina's petition for writ of habeas corpus, as re-characterized by this Court, is hereby DENIED and DISMISSED.

---

[5] 18 U.S.C. § 1347 sets forth the criminal provisions for health care fraud:

(a) Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—

    (1) to defraud any health care benefit program; or
    (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,

in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both ...

(b) With respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section.

[6] In view of the finding that Skilling does not impact DiPina's claim here, this Court need not determine whether that decision applies retroactively to DiPina's offenses.

[7] This Court notes that, even if DiPina could succeed on this claim, she would remain incarcerated on her sentences for her two drug convictions, which she does not challenge.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA), because DiPina has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

DiPina is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
Date: December 2, 2011